E-FILED
Thursday, 12 November, 2015  12:30:42 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KRISTOPHER L. STANLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:15-cv-2009 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Petitioner Kristopher Stanley has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civ. d/e 1). Stanley is currently in federal prison, after having pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime. He argues that the Court should vacate his sentence because his attorney was ineffective and coerced him into pleading guilty.

The United States of America has filed a motion to dismiss Stanley's Section 2255 motion (Civ. d/e 6).

**I.  Background**

Stanley was arrested in 2013, after fleeing on foot from a

traffic stop in Decatur, Illinois.  The arresting officer searched Stanley and found a handgun and a small amount of marijuana in Stanley's pocket.  An inventory search of Stanley's car revealed more marijuana.  Combined, the marijuana amounted to 76.5 grams.

The Government charged Stanley with two offenses.  Count One alleged possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  Count Two alleged possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A).

The Government and Stanley signed a plea agreement: Stanley agreed to plead guilty to Count Two, and in exchange the Government agreed to dismiss Count One.  The court accepted the plea agreement and sentenced Stanley to 60 months in prison.

Now, Stanley has filed a Section 2255 motion, also known as a habeas petition, arguing that the Court should vacate his sentence because he received ineffective assistance of counsel. (Civ. d/e 1, 4.)  Specifically, Stanley argues that his defense attorney coerced him into pleading guilty even though the indictment against Stanley was "defective." (Civ. d/e 4 at 1.)

The indictment's defect, Stanley says, was that Count Two—which charged Stanley with possessing a firearm in furtherance of a drug trafficking crime—identified the wrong drug trafficking crime of which Stanley was allegedly in furtherance. Count Two identified the drug trafficking crime at issue as possession with intent to distribute a controlled substance, citing 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Crim. d/e 1.) Those subsections criminalize possession with intent to distribute 50-99.99 <u>kilograms</u> of marijuana, whereas Stanley possessed only 76.5 <u>grams</u> of marijuana. Thus, Stanley says, he was not violating 21 U.S.C. § 841(a)(1) and (b)(1)(C), because he possessed less than 50 kilograms of marijuana—an offense criminalized by Subsection (b)(1)(D), not Subsection (b)(1)(C).

Stanley says he mentioned this problem to his attorney, who "acknowledged the error" but "did nothing to resolve the issue." (Civ. d/e 4.) Instead, Stanley says, the attorney "misled [Stanley] about the error" and "coerced him" into signing the plea agreement and pleading guilty to Count Two. (<u>Id</u>.)

Stanley argues that, because his attorney failed to raise the defective-indictment issue, the attorney's performance "fell below an

objective standard of reasonableness." (Id.)  Stanley says that, had he received effective assistance of counsel, Count Two, which carried a mandatory minimum sentence of 60 months, "would've been dismissed"—leaving only Count One, which carried no mandatory minimum sentence.

## II.   Discussion

18 U.S.C. § 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence.  It is an extraordinary remedy, because a Section 2255 petitioner has already had "an opportunity for full process."  Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007).  Post-conviction relief under Section 2255 is therefore "appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (quotation omitted).  In considering a Section 2255 motion, the Court reviews evidence and inferences drawn from the evidence in the light most favorable to the Government.  Carnine v. United States, 974 F.3d 924, 928 (7th Cir. 1992).

The Government has filed a motion to dismiss. The Government argues that the Court should dismiss Stanley's Section 2255 motion on either of two grounds: (1) Stanley has waived his right to collaterally attack his conviction and sentence; or (2) Stanley has not shown that his attorney's allegedly deficient performance prejudiced him.

### A.    Stanley's waiver of his right to collateral attack

A "collateral attack" on a conviction is an attack brought outside the context of a direct appeal from that conviction. As Stanley's plea agreement explained, a collateral attack usually takes the form of a separate lawsuit initiated by filing a motion under 28 U.S.C. § 2255. Often, as here, a criminal defendant signs a plea agreement in which he agrees to waive his right to collaterally attack his conviction. Such waivers are generally enforceable. Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999).

The Government emphasizes that Stanley "voluntarily agreed" to the waiver provision in his plea agreement. (Civ. d/e 6 at 3.) The Government points out that Stanley acknowledged "under oath in open court" and in the agreement itself that he had read the entire plea agreement, fully understood it, agreed to it without reservation,

entered into it "voluntarily and of [his] own free will in order to gain the benefit of the promises made by the United States." (Id. (quoting Crim. d/e 11 at ¶ 30).)  As the Government observes, such statements are "entitled to a presumption of verity [and] correctness." (Id. (citations omitted).)  See also United States v. Jennison, 237 F.3d 911, 917 (7th Cir. 2001) (courts may consider defendant's signature on plea agreement and statements during plea colloquy as evidence of knowing and voluntary waiver).

Such presumptions, however, do not prevent Stanley from overcoming his waiver on the ground that his plea agreement was, in fact, involuntary, or the product of ineffective assistance of counsel.  A defendant's guilty plea "cannot be 'knowing and voluntary' if it resulted from ineffective assistance of counsel." Hurlow v. United States, 726 F.3d 958, 968 (7th Cir. 2013).  Thus, the fact that Stanley averred that he signed his plea agreement voluntarily does not necessarily preclude him from collaterally attacking his conviction via a Section 2255 motion.

And indeed, the Government concedes that Stanley's Section 2255 motion can survive the waiver in his plea agreement.  But, the Government argues, Stanley's motion can survive the waiver only in

two circumstances: (1) if the waiver was not knowingly or voluntarily made; or (2) if Stanley's attorney provided ineffective assistance "in connection with negotiating the waiver itself." (Civ. d/e 6 at 5.) According to the Government, Stanley's motion does not survive his waiver because Stanley does not claim "that the waiver itself was not knowingly and voluntarily made" or that his attorney "provided ineffective assistance in connection with negotiating the waiver itself." (Civ. d/e 6 at 5.)

In truth, however, a Section 2255 petitioner need not allege that his attorney provided ineffective assistance in connection specifically with the plea agreement's waiver provision. Rather, a collateral review waiver is rendered unenforceable by "an attorney's ineffectiveness with regard to the plea agreement as a whole, and not just the specific waiver provision at issue." Hurlow v. United States, 726 F.3d 958, 965 (7th Cir. 2013) (emphasis added). As the Seventh Circuit put it, a waiver "stands or falls with the plea bargain of which it is a part." Id. at 965 (quotation omitted). Thus, a Section 2255 petitioner "need not have alleged that his counsel was ineffective in the negotiation of the waiver provision of his plea agreement specifically." Id. at 965; see also United States v.

Behrman, 235 F.3d 1049, 1051 (7th Cir. 2000) (claim "that the plea agreement was involuntary or the result of ineffective assistance of counsel ... concern[s] the validity of the plea agreement" and thus "would knock out the waiver" if successful); Purham v. United States, No. 14-3232, 2015 U.S. Dist. LEXIS 1006, *8-9 (C.D. Ill. Jan. 5, 2015) (Myerscough, J.) ("collateral review waiver does not prevent a habeas petitioner from being heard on claims that his plea agreement was the product of ineffective assistance of counsel") (quoting Hurlow, 726 F.3d at 965).

Here, Stanley has claimed that he received ineffective assistance of counsel in connection with his plea agreement. (See Civ. d/e 4 ("counsel was ineffective for coercing [Stanley] to plead guilty to a defective indictment").)  The Court may not dismiss Stanley's Section 2255 motion simply because he has not claimed ineffective assistance in connection with the negotiation of the waiver itself.  See Hurlow, 726 F.3d at 965.

However, Stanley's allegation of ineffective assistance relating to the plea agreement does not, in and of itself, overcome the plea agreement's waiver provision.  As the Seventh Circuit has said, "Not every claim of ineffective assistance of counsel can overcome a

waiver in a plea agreement." Hurlow, 726 F.3d at 966. In assessing a Section 2255 motion premised on ineffective assistance, the Court's task is to determine whether the petitioner's claims of ineffective assistance are "sufficient" to overcome the waiver in his plea agreement. Hurlow, 726 F.3d at 966. To this end, the Seventh Circuit has rejected "broad, unsupported assertions" of ineffective assistance and "garden variety attacks" that merely take the guise of ineffective assistance claims. Hurlow, 726 F.3d at 966 (quotation omitted).

The question, then, is whether Stanley's claim of ineffective assistance is sufficient to overcome his waiver. The Seventh Circuit has said that a Section 2255 petitioner "cannot just assert that a constitutional violation preceded his decision to plead guilty or that his trial counsel was ineffective for failing to raise the constitutional claim. Rather, he must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards." Hurlow, 726 F.3d at 966-67. In other words, the petitioner "must allege that the plea agreement was the product of ineffective assistance of counsel … or tainted by ineffective assistance of counsel." Hurlow, 726 F.3d at 967 (quotations omitted).

In Hurlow, the petitioner alleged that his counsel "persuaded" and "cajoled" him into pleading guilty. 726 F.3d at 967. Reversing the district court's denial of the petitioner's Section 2255 motion, the Seventh Circuit found that the petitioner's allegations were "sufficient" to overcome his waiver. Id. The Seventh Circuit noted that, even though the petitioner had told his counsel about facts indicating that the detectives who obtained critical evidence against him had violated the Fourth Amendment in doing so, his counsel allegedly "refused to listen or investigate further." Id.

Here, Stanley has alleged that his attorney "was ineffective for coercing [Stanley] to plead guilty." (Civ. d/e 4.) Stanley alleges that, despite his having made his attorney aware of the defectiveness of the indictment against him, his attorney "did nothing to resolve the issue," "misled [Stanley] about the error," and "coerced" Stanley into pleading guilty. (Civ. d/e 4.) These claims constitute an allegation that Stanley's plea agreement was the product of ineffective assistance; as such, the claims are sufficient to overcome the waiver in Stanley's plea agreement.

### B.   Stanley's claim on the merits

Having found that Stanley did not waive his right to bring this

Section 2255 motion, the Court nevertheless denies the motion on the merits. See Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000) ("But although he did not waive it, Bridgeman's [Section 2255] claim is patently without merit."); see also Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001) ("district court need not grant evidentiary hearing" when briefing and record conclusively show petitioner not entitled to relief); 28 U.S.C. § 2255(b).

To succeed on a claim of ineffective assistance, a Section 2255 petitioner must show: (1) that his attorney's performance fell below an objective standard of reasonableness; and (2) that he suffered prejudice as a result. Wyatt v. United States, 574 F.3d 455, 457-58 (7th Cir. 2009) (citing Strickland v. Washington, 466 U.S. 668 (1984)). The first prong is known as the "performance" prong, and the second is known as the "prejudice" prong. Id. Failure to prove either prong is fatal to a claim of ineffective assistance. Chichakly v. United States, 926 F.2d 624, 630 (7th Cir. 1991). The Court need not consider the performance prong if it finds that the petitioner has not satisfied the prejudice prong. Matheny v. Anderson, 253 F.3d 1025, 1042 (7th Cir. 2001); Strickland v. Washington, 466 U.S. 668, 697 (1984) ("If it is easier to dispose of

an ineffectiveness claim on the ground of lack of sufficient prejudice … that course should be followed.").

To satisfy the prejudice prong, a petitioner must show a reasonable probability that, but for his attorney's errors, the result would have been different. Gentry v. Sevier, 597 F.3d 838, 851 (7th Cir. 2010). And a petitioner who pleaded guilty, as Stanley did, must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Wyatt v. United States, 574 F.3d 455, 458 (7th Cir. 2009) (quotation omitted).

Here, there is not a reasonable probability that the result of Stanley's prosecution would have been different had Stanley's attorney acted differently. Even if Stanley's attorney had raised the issue of Count Two's defect, as Stanley requested, the count would not likely have been dismissed.

Stanley argues that Count Two would have been dismissed on the ground that it identified the wrong underlying drug trafficking crime of which Stanley was allegedly in furtherance while possessing a firearm. But "[u]nless a defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's

omission is a ground to dismiss the indictment or to reverse a conviction." Fed. R. Crim. P. 7(c)(2); accord United States v. Shields, 789 F.3d 733, 742 (7th Cir. 2015). Count Two charged Stanley with "possess[ing] a firearm in furtherance of a drug trafficking crime," which is a violation of 18 U.S.C. § 924(c)(1)(A). (Crim. d/e 1 at 1-2.) And Stanley does not argue that he did not possess a firearm in furtherance of a drug trafficking crime. Rather, he argues that he possessed a firearm in furtherance of a different drug trafficking crime than the crime cited in Count 2. Specifically, Stanley possessed a firearm in furtherance of a drug trafficking crime prohibited under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)—not 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), which Count Two cited.

It is true that Count Two should have cited 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(D) for the underlying drug trafficking crime of which Stanley's alleged furtherance brought him in violation of 18 U.S.C. § 924(c)(1)(A). Stanley possessed only 76.5 grams of marijuana—less than the amount necessary to fall under 21 U.S.C §§ 841(a)(1) and 841(b)(1)(C). But there is no indication of prejudice resulting from this error. Count Two plainly charged Stanley with

"possess[ing] a firearm in furtherance of a drug trafficking crime." (Crim. d/e 1 at 1.) Stanley thus had notice that he was being charged with possessing a firearm while in furtherance of a drug trafficking crime. There is not a reasonable probability that Stanley was misled as to the charge against him simply because he possessed a smaller quantity of marijuana than the amount that would have triggered the specific subsection cited in Count Two. The charge against Stanley was possession of a firearm while in furtherance of a drug trafficking crime, and Count Two stated that in plain language. Indeed, Count Two cited the correct statute—18 U.S.C. § 924(c)(1)(A), which criminalizes possessing a firearm while in furtherance of a drug trafficking crime—regardless of which particular underlying subsection was correct: the statute, 18 U.S.C. § 924(c)(1)(A), applies both to the drug trafficking crime cited in Count Two (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)) and to the drug trafficking crime of which Stanley was in furtherance (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)).

    Thus, as the Government argues, Count Two "adequately apprised [Stanley] of the charge so that he could have prepared a proper defense." (Civ. d/e 6 at 9.) See United States v. Harvey, 484

F.3d 453,457-58 (7th Cir. 2007) (finding defendant "adequately apprised of the charges against him" despite indictment language differing slightly from statutory language; noting that "[o]nly a pointlessly hypertechnical reading of the indictment … would support [a] claim that it was inadequate"); <u>United States v. Garner</u>, 529 F.2d 962, 966 (6th Cir. 1976) ("the recitation of specific facts contained within the indictment, alone, is sufficient to adequately inform the defendant[ ] of the nature of the charges").

Because there is not a reasonable probability that Stanley was misled by the charge in Count Two, there is not a reasonable probability that Count Two would have been dismissed had Stanley's attorney raised the issue of the count's defect.  And because there is not a reasonable probability that Count Two would have been dismissed, there likewise is not a reasonable probability that, had Stanley's attorney acted differently, Stanley would not have pleaded guilty or would have insisted on going to trial.

In sum, Stanley does not satisfy the prejudice prong required for the claim of ineffective assistance in his Section 2255 motion to proceed.  The briefing and record conclusively establish that Stanley did not suffer prejudice from his attorney's alleged

ineffectiveness, and no evidentiary hearing is warranted.

## III.  Conclusion

The Court finds that Stanley has not waived his right to collaterally challenge his conviction and sentence on the ground that he received ineffective assistance of counsel in connection with his plea agreement.  For the reasons above, however, the Court denies Stanley's Section 2255 motion on the merits.  The United States of America's Motion to Dismiss Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (Civ. d/e 6) is GRANTED.  Plaintiff Kristopher Stanley's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civ. d/e 1) is DENIED.

Because Stanley has not made a substantial showing of the denial of a constitutional right, the Court also denies a certificate of appealability under Rule 11(a) of the Rules Governing Section 2255 Proceedings.  See 28 U.S.C. § 2253(c)(2).

This case is closed.

IT IS SO ORDERED.

ENTER: November 12, 2015

FOR THE COURT: <u>s/ Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE